Becker v. State



COURT OF APPEALS

EIGHTH DISTRICT OF TEXAS

EL PASO, TEXAS




IN RE



CASTRO ENTERPRISES, INC.,



RELATOR
 §


 


§


 


§


 


§


 


§


No. 08-09-00260-CV



An Original Proceeding 


in Mandamus







OPINION ON PETITION FOR WRIT OF MANDAMUS



 Relator, Castro Enterprises, Inc., asks this Court to issue a writ of mandamus against the
Honorable Javier Alvarez, sitting by assignment for the 34th District Court of El Paso County,
Texas. The Relator has the burden of providing this Court with a record sufficient to establish its
right to mandamus relief. See Tex.R.App.P. 52.7(a); Walker v. Packer, 827 S.W.2d 833, 837 (Tex.
1992)(holding it is the relator's burden to provide this Court with a sufficient record to establish his
or her right to mandamus relief). The record filed by Relator is deficient for two reasons. First, there
is no index for the two-volume, 592-page appendix. Tex.R.App.P. 52.7(c)(2)(requiring an index
listing the materials filed and describing them in sufficient detail to identify them). (1) Second, Relator
has not provided a reporter's record of the hearing on its motion to compel arbitration nor has it
explained why a reporter's record will not be filed. See Tex.R.App.P. 52.7(a)(2)(requiring relator
to file with the petition a properly authenticated transcript of any relevant testimony from any
underlying proceeding, including any exhibits offered in evidence, or a statement that no testimony
was adduced in connection with the matter); Walker, 827 S.W.2d at 837. Given the state of the
record before us, we conclude Relator has failed to show it is entitled to mandamus relief. 
Accordingly, we deny mandamus relief. See Tex.R.App.P. 52.8(a).




November 18, 2009

 DAVID WELLINGTON CHEW, Chief Justice


Before Chew, C.J., McClure, and Rivera, JJ.
1. In the verification of the mandamus record, Relator's counsel refers to Tabs 1 through
14, but the various documents contained in the appendix are not separated by tabs. Although not
specifically required by Rule 52.7, common sense dictates that documents in an appendix should
be separated by tabs or that a voluminous appendix be accompanied by an index with page
numbers indicating where each document begins in the same way that an index is prepared for a
clerk's record in an appeal.